UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TODD NEWMAN | C. A. NO. 02 CV _____ |
| VERSUS | JUDGE: |
| FREDERICK GEASON, ROBERT BONNETTE, BARRY RILEY, PLAQUEMINE CITY POLICE DEPARTMENT, CITY OF PLAQUEMINE | MAGISTRATE: |

## NOTICE OF REMOVAL

Frederick Geason, Barry Riley, Orian Gulotta, in his official capacity as Chief of Police and the City of Plaquemine ("Defendants") remove this matter on the following grounds:

1.

On December 3, 2001, a petition was filed in the 18th Judicial District Court, Parish of Iberville, State of Louisiana, bearing docket number 56,351, Div. "C", entitled "Todd Newman v. Frederick Geason, Robert Bonnette, Barry Riley, Plaquemine City Police Department, City of Plaquemine."

2.

The first day on which any defendant received notice of this suit, through service or otherwise, was December 5, 2001.

3.

Pursuant to 28 U.S.C. §1446, the Notice of Removal of a civil action or a proceeding shall be filed within thirty (30) days after the receipt by any defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim of relief on which removal is based. Consequently, the time within which the defendants may file this Notice of Removal has not elapsed.

4.

All defendants who have been properly joined and served consent to this removal.

5.

The complaint of plaintiff asserts that plaintiff was subjected to "excessive force." (Complaint, ¶ 8) The Complaint also seeks an award for attorney fees, which are only available in the context of this suit under 42 U.S.C. Section 1983.

6.

This Court has original jurisdiction over this action under 28 U.S.C. §1331 and 28 U.S.C. §1343 in that it is a civil rights action arising under the Constitution, laws or treatises of the United States and implies a claim for violations of the plaintiff's "civil rights," pursuant to 42 U.S.C. §1983, and is therefore removable under the provisions of 28 U.S.C. §1441, et seq.

7.

Furthermore, this Court has supplemental jurisdiction over any state law claims under 28 U.S.C. §1367 in that plaintiff's state law claims arise out of the same incident giving rise to plaintiff's civil rights claims, and form part of the "same case or controversy" pursuant to Article III of the United States Constitution.

8.

Defendants attach a copy of the complaint and all process served relating to this complaint.

WHEREFORE, Frederick Geason, Barry Riley, Orian Gulotta, in his official capacity as Chief of Police and the City of Plaquemine pray that the above-captioned suit be removed to the United States District Court in and for the Middle District of Louisiana.

By Attorneys:

_____
Bradley C. Myers, T.A. (#1499)
John F. Jakuback (#21643)
Lana Davis Crump (#23707)
KEAN, MILLER, HAWTHORNE,
D'ARMOND, McCOWAN & JARMAN, L.L.P.
Post Office Box 3513
One American Place, 22nd Floor
Baton Rouge, LA 70821
Telephone: (225) 387-0999
Attorneys for Frederick Geason, Barry Riley,
Orian Gulotta, in his official capacity as Chief
of Police and the City of Plaquemine

590555_1                                    -3-

Case 3:02-cv-00006-RET   Document 1   01/03/02   Page 3 of 11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal and Consent to Notice of Removal has been mailed, postage prepaid to the following:

Tonya S. Lurry
Attorney at Law
3622 Poydras Bayou
Port Allen, LA 70767

Baton Rouge, Louisiana this 3 day of January, 2002.

_____
John F. Jakuback

Form: 0020                        CITATION

|                          |                                      |
|--------------------------|--------------------------------------|
| NEWMAN, TODD             | No: 00000056351    Div: C            |
| VERSUS                   | 18th Judicial District Court         |
|                          | State of Louisiana                   |
| GEASON, FREDERICK        | Parish of Iberville                  |

The State of Louisiana and said Court to

ORIAN GULOTTA
AT HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE PLAQUEMINE CITY POLICE
DEPARTMENT, 23540 RAILROAD AVENUE
PLAQUEMINE, LA.

You are hereby summoned either to comply with the demand contained in the petition of the said TODD NEWMAN a copy of which accompanies the citation, or deliver your answer to the said petition in the office of the Clerk of said Court, held at the Court House at Plaquemine, in said Parish, within 15 days after the service hereof, under penalty of default.

Witness the Honorable Judges, of said Court, this 3 day of DECEMBER A.D. 2001.

_____
Deputy Clerk

---

SERVICE INFORMATION

Received on the _____ day of _____, _____ and on the _____ day of _____, _____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of sixteen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.

RETURNED:

PARISH OF _____ this _____ day of _____, _____.

SERVICE  $_____            By: _____
MILEAGE  $_____                Deputy Sheriff
TOTAL    $_____

[ Service Copy ]

| | |
|---|---|
| TODD NEWMAN | NUMBER: 56,351 DIV C |
| | 18TH JUDICIAL DISTRICT COURT |
| VERSUS | PARISH OF IBERVILLE |
| FREDERICK GEASON, ROBERT BONNETTE, BARRY RILEY PLAQUEMINE CITY POLICE DEPARTMENT, CITY OF PLAQUEMINE | STATE OF LOUISIANA |

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes TODD NEWMAN, of the full age of majority and resident of and domicile in the Parish of Iberville, State of Louisiana, and who respectfully represents as follows:

1.

Made defendants herein are:

(a) FREDERICK GEASON, on information and belief, domiciled and residing in Iberville Parish, individually and in his capacity as an employee of the City of Plaquemine through the Plaquemine Police Department;

(b) ROBERT BONNETTE, on information and belief, domiciled and residing in Iberville Parish, individually and in his capacity as an employee of the City of Plaquemine through the Plaquemine Police Department;

(c) BARRY RILEY, on information and belief, domiciled and residing in Iberville Parish, individually and in his capacity as an employee of the City of Plaquemine through the Plaquemine Police Department;

(d) ORIAN GULOTTA, in his official capacity as Chief of Police of the Plaquemine City Police Department; and

(e) MARK A. GULOTTA, in his official capacity as Mayor of the City of Plaquemine.

2.

This court has original jurisdiction over this claim pursuant to La. Constitution Art. V, Sections 1 and 16 (A), La. C.C.P. 2. Venue in the 18th Judicial District Court, Parish of Iberville, is appropriate pursuant to La. C.C.P. Arts. 42, 73 and 74.

3.

On or about December 1, 2001, at approximately 5:10 p.m., Petitioner, Todd

Newman, was approached outside of his residents by Officers Fredrick Geason, Robert Bonnette, and Barry Riley, employees of the Plaquemine City Police Department.

4.

An officer proceeded to ask Petitioner what was happening at the resident. Petitioner calmly and peacefully stated that he and his fiancée, Kristina Blanchard, had an argument. Petitioner then proceeded to show the Officers where he lived and offered to get Ms. Blanchard to talk to the Officers.

5.

Officer Fredrick Geason then proceeded to force his way into the apartment, without any consent or authority to enter the resident, and then violently and forcefully shoved the Petitioner against a wall. Petitioner began to loose his footing after being shoved and was attempting to regain it while Officer Geason pulled him up and, without provocation from the Petitioner, Officer Geason forcefully struck Petitioner across the right side of his face and jaw with a flashlight. Officer Geason then proceeded to throw Petitioner onto the sofa. Neither Officer Robert Bonnette or Officer Barry Riley attempted in any way to help Petitioner or to stop Officer Fredrick Geason from using excessive force. At all times material to the incident in question, all of the Officers were on duty and acting as an employee of the City of Plaquemine.

6.

As a result of this incident, Petitioner had to seek medical attention for the injuries caused to his face and jaw.

7.

There was absolutely no reason of provocation for the excessive use of force utilized by Officer Geason in responding to a hang up call. At no time did Petitioner resist the efforts of the Officers to question any other person in the household about the call that they allegedly received. During this entire incident, and at all time pertinent hereto, Petitioner acted in a docile, cooperative, obedient and peaceful manner.

8.

As a result of the excessive force used to investigate a hang up call, Petitioner has suffered extremely severe mental, emotional and physical injuries to be proven at the trial in this matter. This unnecessary use of force on the Petitioner has totally disrupted his otherwise normal and peaceful life. Petitioner's life is now filled with stressful thoughts and fears that did not previously exist. Petitioner is scared that one of the above Officers, or other members of the Plaquemine City Police Department may take out some revenge or retaliate against him since he has instituted these proceedings to make sure that justice is done as a result of this incident.

9.

As a result of the injuries sustained at the hands of Officer Geason, Petitioner has incurred medical expenses in the past. The scars, both emotional and physical will remain with the Petitioner for the remainder of his life. The incident has caused a disruption in the peaceful and harmonious life which the Petitioner enjoyed prior to this incident. Petitioner has also sustained the following damages:

- A. Loss of income;
- B. Personal injuries;
- C. Pain and suffering, past and future;
- D. Injury to reputation and public embarrassment;
- E. Humiliation, loss of dignity and emotional distress;
- F. Financial losses, including but not limited to attorney's fees; and
- G. other damages which shall be shown at a trial of this matter.

10.

At the time of the incident, all of the above mentioned Officers were on duty for the City of Plaquemine through the Plaquemine City Police Department. Therefore, the City of Plaquemine is vicariously liable for the Officer's Conduct. Additional, the officers are personally responsible for his own misconduct in inflicting the injuries under Kantor v. Koehring, 238 So.2d 716 (La 1973).

WHEREFORE, PETITIONER prays that there be judgment herein in favor of TODD NEWMAN and against Officer Geason, Officer Bonnette, Officer Riley and the City of Plaquemine, jointly, severally and in solido in an amount to be determined by the Court, together with interest thereon from date of judicial demand until paid, for all costs of these proceedings and for all fees and equitable relief available in the premises.

RESPECTFULLY SUBMITTED:

TONYA S. LURRY
Bar Roll Number: 26677
3622 Poydras Bayou
Port Allen, Louisiana 70767
Telephone: (225) 627-6411

**SERVICE INFORMATION:**

1) Officer Fredrick Geason
   At his place of employment
   Plaquemine City Police Department
   23540 Railroad Avenue
   Plaquemine, Louisiana

2) Officer Robert Bonnette
   At his place of employment
   Plaquemine City Police Department
   23540 Railroad Avenue
   Plaquemine, Louisiana

3) Officer Barry Riley
   At his place of employment
   Plaquemine City Police Department
   23540 Railroad Avenue
   Plaquemine, Louisiana

4) Orian Gulotta
   In his official capacity as Chief of Police
   Of the Plaquemine City Police Department
   23540 Railroad Avenue
   Plaquemine, Louisiana

5) Mark A. Gulotta
   In his official capacity as Mayor
   Of the City of Plaquemine
   23640 Railroad Avenue
   Plaquemine, Louisiana

18TH JUDICIAL DISTRICT COURT

PARISH OF IBERVILLE

STATE OF LOUISIANA

TODD NEWMAN  NUMBER: 56,351

VERSUS  DIVISION: "C"

FREDERICK GEASON, ROBERT
BONNETTE, BARRY RILEY,
PLAQUEMINE CITY POLICE
DEPARTMENT, CITY OF
PLAQUEMINE

## NOTICE OF REMOVAL AND AUTOMATIC STAY OF STATE COURT PROCEEDINGS PURSUANT TO 28 U.S.C. 1446(d)

TO: Clerk, Iberville Parish
18th Judicial District
State of Louisiana

and

Tonya S. Lurry
Attorney at Law
3622 Poydras Bayou
Port Allen, LA 70767

Please take notice that Frederick Geason, Barry Riley, Orian Gulotta, in his official capacity as Chief of Police and the City of Plaquemine, pursuant to 28 U.S.C. §1441, et seq., on the _3_ day of _January_, 2002, filed in the United States District Court in and for the Middle District of Louisiana, a Notice of Removal of the above-captioned action from the 18th Judicial District Court, Parish of Iberville, State of Louisiana.

A copy of the Notice of Removal is attached.

By Attorneys:

_____
Bradley C. Myers (#1499)
John F. Jakuback (#21643)
Lana Davis Crump (#23707)
KEAN, MILLER, HAWTHORNE, D'ARMOND,
  McCOWAN & JARMAN, L.L.P.
Post Office Box 3513
One American Place, 22nd Floor
Baton Rouge, LA 70821
Telephone: (225) 387-0999
Attorneys for Frederick Geason, Barry Riley, Orian
Gulotta, in his official capacity as Chief of Police
and the City of Plaquemine

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Removal and Automatic Stay of State Court Proceedings has been mailed, postage prepaid to the following:

Tonya S. Lurry
Attorney at Law
3622 Poydras Bayou
Port Allen, LA 70767

Baton Rouge, Louisiana this __3__ day of January, 2002.

_____
John F. Jakuback

-2-